Martin F. Casey (MFC-1415)
Christopher M. Schierloh (CS-6644)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
Tel: 212-286-0225

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MORTRANSFLOT, INC.,

        Plaintiff,

   -against-

ASTRA GROUP, INC.

        Defendant.
------------------------------------------------------X

07 CV 11488
07 CV
ECF CASE

JUDGE JONES

**VERIFIED COMPLAINT**

Plaintiff, MORTRANSFLOT, INC.. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Casey & Barnett, LLC, as and for its Verified Complaint against the Defendant, ASTRA GROUP, INC. (hereinafter referred to as "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff, MORTRANSFLOT, INC., was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business located in Panama, and at all said times was engaged in the business of chartering and was, and still is, the owner of the M/V GRANITNIY BEREG, as more fully described below.

3. Upon information and belief, Defendant, ASTRA GROUP, INC.. was and still is a business entity, organized and existing under the laws of the State of New York, with its

principal office and place of business located at 1129 Northern Boulevard, Suite 305, Manhasset, New York 11030, and at all said times was in the business of exporting frozen agricultural products.

## RELEVANT FACTS

4. Pursuant to a GENCON Charter Party ("the Charter Party"), dated September 17, 2007, defendant charted from plaintiff capacity aboard the M/V GRANITNIY BERG for the carriage of a cargo of frozen poultry products from Mobile, Alabama to St. Petersburg, Russia.

5. In accordance with the terms of the Charter Party, the M/V GRANITNIY BERG was loaded with a cargo of frozen poultry in Mobile, Alabama and, on October 31, 2007, sailed for its intended destination, St. Petersburg, Russia.

6. On or about November 24, 2007 the vessel arrived in St. Petersburg where, through no fault of the plaintiff, it was not permitted to proceed into the port to discharge the cargo of frozen food.

7. Due to the delay in the ability for the M/V GRANITNIY BERG to timely berth and discharge the aforementioned cargo, the vessel exceeded its allowable laytime and is owed demurrage from the defendant.

8. Pursuant to Clause 7 and Box No. 20 on the Charter Party, demurrage is payable to plaintiff at a rate of $12,000 per day pro rata for the 1st five days, and $15,000 per day pro rata thereafter.

9. Plaintiff is presently owed demurrage in the amount of at least $60,000 no part of which has been paid, despite due demand.

10. In addition, plaintiff is owed payment for freight in the amount of at least $795,000, which also remains unpaid, despite due demand.

11. By virtue of the foregoing, defendant has breached the Charter Party to which it voluntarily entered, and is liable to plaintiff for the collective amount of at least $855,000.

11. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to *ABN Amro*, *American Express Bank*, *Bank of America*, *Bank of New York*, *Citibank*, *Deutsche Bank A.G.*, *HSBC Bank USA*, *J.P. Morgan Chase*, *Standard Chartered Bank*, and/or *Wachovia Bank N.A.*, which are believed to be due and owing to the Defendant.

12. The Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for certain Admiralty and Maritime claims, attaching *inter alia*, any assets of the defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant and to secure Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular matters alleged in the Complaint;

B. That since the defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee including, but not limited to,

*ABN Amro*, *American Express Bank*, *Bank of America*, *Bank of New York*, *Citibank*, *Deutsche Bank A.G.*, *HSBC Bank USA*, *J.P. Morgan Chase*, *Standard Chartered Bank*, and/or *Wachovia Bank N.A.*, which are due and owing to the Defendant, in the amount of $855,000 calculated to date to secure the plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

  C. An Order recognizing and enforcing any final judgment rendered by a Mexican Court in Plaintiff's favor for the monies owed and the claims herein;

  D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

  E. That Plaintiff has such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   December 21, 2007
   310-01

              The Plaintiff,
              Mortransflot, Inc.

           By: _____
              Martin F. Casey (MFC-1415)
              Christopher M. Schierloh (CS-6644)
              CASEY & BARNETT, LLC
              317 Madison Avenue, 21st Floor
              New York, New York 10017
              Tel: 212-286-0225
              Fax: 212-286-0261
              mfc@caseybarnett.com
              cms@caseybarnett.com

## ATTORNEY'S VERIFICATION

State of New York )
) ss:
County of New York )

1. My name is Martin F. Casey

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney and member of the firm of Casey & Barnett, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the Plaintiff and agents and/or representatives of the Plaintiff.

Dated: New York, New York
       December 21, 2007

_____
Martin F. Casey